**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARSHALL WEXLER,**<br>      Plaintiff,<br>   v.<br>**STARBUCKS CORPORATION AND JOHN DOE TRUCKING COMPANY,**<br>      Defendant. | Case No. 4:25-cv-00349-YGR<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

TO PLAINTIFF MARSHALL WEXLER:

You are **HEREBY ORDERED TO SHOW CAUSE** in writing why this case should not be remanded for lack of subject matter jurisdiction. In his complaint, plaintiff, formerly a resident of California, now identifies himself as an "an individual residing in the country of Brazil." (Dkt. No. 1, Complaint for Compensatory Damages ("Comp.") ¶ 6.)

A U.S. citizen who is domiciled outside the United States is neither a citizen of a state under § 1332(a)(1) nor a citizen of a foreign state under § 1332(a)(2). *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). In other words, presence of a U.S. citizen domiciled abroad defeats diversity jurisdiction. *Brady v. Brown*, 51 F.3d 810, 815 (9th Cir. 1995); *see, e.g.*, *Turan Petroleum, Inc. v. Lentin*, 482 F.Supp. 2d 1170, 1171-72 (C.D. Cal. 2007) (finding no diversity of citizenship under § 1332(a) when a U.S. citizen is domiciled abroad); *Jones v. Dalrymple*, 679 Fed.App'x. 668, 669 (10th Cir. 2017) ("A United States citizen domiciled in a foreign country is not a 'citizen[ ] or subject[ ] of a foreign state,' but is stateless and unable to assert jurisdiction under 28 U.S.C. § 1332(a)(2) or § 1332(a)(1)." (citation omitted)); *De Wit v. KLM Royal Dutch Airlines, N.V.*, 570 F.Supp. 613, 617 (S.D.N.Y. 1983) ("[I]t is well settled that an American citizen living abroad cannot invoke federal court jurisdiction under 28 U.S.C. § 1332(a) because he or she is not considered a citizen of any state as that section requires.").

1  Because subject matter jurisdiction "involves a court's power to hear a case, [it] can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Federal courts are obligated to decide issues of subject matter jurisdiction *sua sponte* at any time it appears that subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12(h)(3); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) ("[T]he court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed R. Civ. P. 12(h)(3).

Accordingly, plaintiff must explain why this case should not be remanded for lack of subject matter jurisdiction, including whether he is a U.S. citizen domiciled abroad. Within twenty-one (21) days of the date of this Order, plaintiff may file a written brief, not to exceed five (5) pages, addressing the question of whether the Court has diversity jurisdiction over this action. Plaintiff's failure to timely respond to the order to show cause will be interpreted by the Court as a concession of lack of subject matter jurisdiction resulting in dismissal. Defendant will have fourteen (14) days to respond with no more than five (5) pages and plaintiff will have seven (7) days to reply in no more than five (5) pages.

**IT IS SO ORDERED.**

Dated: July 2, 2025

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**