United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHALL WEXLER,<br><br>        Plaintiff,<br><br>    v.<br><br>STARBUCKS CORPORATION AND WELLS FARGO BANK, N.A.,<br><br>        Defendants. | Case No.: 4:25-CV-00349-YGR<br><br>ORDER DENYING MOTION TO DISQUALIFY JUDGE;<br><br>DENYING MOTION TO STRIKE PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT;<br><br>GRANTING MOTIONS TO DISMISS<br><br>Re: Dkt. Nos. 28, 33, 35, and 36. |

Before the Court are **(1)** plaintiff's motion to disqualify Judge Gonzalez Rogers under 28 U.S.C. section 455 (Dkt. No. 33), **(2)** defendant Wells Fargo Bank N.A.'s ("Wells Fargo") motion to strike plaintiff's First Amended Complaint (Dkt. No. 26), **(3)** defendant Starbucks Corporation's ("Starbucks") motion to dismiss (Dkt. No. 28), and **(4)** defendant Wells Fargo's motion to dismiss. (Dkt. No. 35). Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **DENIES** plaintiff's motion to disqualify, **DENIES** Wells Fargo's motion to strike, and **GRANTS** both Starbucks' and Wells Fargo's motions to dismiss.

## I.    BACKGROUND

Plaintiff filed this lawsuit on January 11, 2025, bringing claims against defendants Starbucks and John Doe Trucking Company under California law for private nuisance, trespass, and negligence. (Dkt. No. 2, Wexler's Complaint, ["Comp."] ¶¶ 15-18, 19-20, 21-26.) Starbucks filed a motion to dismiss on March 28, 2025 (Dkt. No. 12), which this Court granted with leave to amend on October 27, 2025 (Dkt. No. 26). Plaintiff filed his First Amended Complaint on November 16, 2025. (Dkt. No. 27, First Amended Complaint, ["FAC"].)  The FAC adds Wells Fargo as a defendant; reasserts the original three claims (Counts I-III); brings additional claims of

premises liability, fraud, and vicarious liability (Counts IV-VI); and adds class action claims (Counts VII-XI).

Plaintiff alleges that, while living in a rental property located at 5434 Geary Boulevard, San Francisco, nightly truck deliveries to a Starbucks store across from plaintiff's residence created noise and dust particulates that disturbed plaintiff's living environment. (FAC at 9.) Plaintiff alleges that the premises of the Starbucks store is owned or controlled by Wells Fargo. (*Id.* at 15.) The noise and dust (caused by the trucks idling or braking) allegedly pushed plaintiff to leave the residence due to significant pain and distress.

## II.   LEGAL FRAMEWORKS

### A.   MOTIONS TO DISQUALIFY

Section 455 requires a judge to recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party." *Id.* § 455(b)(1). The standard for disqualification is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). "A judge should not disqualify herself when the facts do not warrant disqualification, as there is an equally compelling obligation not to recuse where it is not appropriate." *Firsov v. Frontier Airlines, Inc.*, 2025 WL 1533138, at *1 (N.D. Cal. May 28, 2025). "A federal judge is presumed to be impartial, and the burden is therefore on the party seeking recusal to overcome this presumption." *Washington v. United States*, 2023 WL 7351836, at *1 (N.D. Cal. Oct. 30, 2023) (citing *Saddozai v. Davis*, 2019 WL 13216339, at *1 (N.D. Cal. Aug. 26, 2019)). Any "alleged bias must stem from an 'extrajudicial source.'" *United States v. Hernandez*, 109 F.3d 1450, 1454 (9th Cir. 1997) (citing *Liteky v. United States*, 510 U.S. 540, 554-56 (1994)).

### B.   MOTIONS TO STRIKE

Rule 12(f) of the Federal Rules of Civil Procedure allows the court to strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial. *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885

United States District Court
Northern District of California

United States District Court
Northern District of California

(9th Cir. 1983). Motions to strike are regarded with disfavor because striking is a drastic remedy. *Freeman v. ABC Legal Servs., Inc.,* 877 F.Supp.2d 919, 923 (N.D. Cal. 2012). Granting a motion to strike may be proper if it will make the trial less complicated or if allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading will be prejudicial to the moving party. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993).

### C. MOTIONS TO DISMISS

A court may dismiss a complaint for failing to state a claim upon which relief can be granted. *See* Fed. R. Civ. Pro. 12(b)(6). To survive a Rule 12(b)(6) motion, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face" by nudging claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The pleadings must provide more than "a formulaic recitation of the elements of a cause of action." *Id.* at 555. A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Hence, "dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Courts must "construe [pro se] pleadings liberally and to afford the petitioner the benefit of any doubt." *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018).

### III. DISCUSSION

#### A. MOTION TO DISQUALIFY

Plaintiff argues that disqualification is appropriate based on "financial interests, spousal professional entanglements, overlapping institutional relationships, and cumulative circumstances that create an appearance of partiality and impropriety . . . ." (Dkt. No. 33 at 1.) Contrary to

3

plaintiff's contentions, this case does not have downstream implications for the fossil fuel industry, emission standards, corporate delivery practices, or 18-wheeler trucking operations. (*Id.* at 3.) The motion to disqualify is **DENIED** because no "reasonable person" would question the undersigned's impartiality based on her financial account with Wells Fargo, the professional history of her spouse, or their real estate ownings in Texas. *Holland*, 519 F.3d. at 913.

### B. MOTION TO STRIKE

Wells Fargo moves to strike all allegations in the FAC against it because plaintiff did not obtain leave to add Wells Fargo as a party. (Dkt. No. 36 at 3.) Wells Fargo also seeks to strike all references to plaintiff's claims for punitive damages, emotional distress related damages, and attorneys' fees. (Dkt. No. 36 at 4-8.)

*First*, the additions to plaintiff's amended complaint are not "in contravention" of the Court's prior order.[1] (Dkt. No. 36 at 4.) Plaintiff had "leave of court" to amend his complaint, and the Court did not prohibit plaintiff from adding new claims or parties.[2] Fed. R. Civ. P. 15(a)(2). *Further*, Rule 12(f) of the Federal Rules of Civil Procedure states that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." None of these five categories covers the allegations in the pleadings sought to be stricken by Wells Fargo. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (finding the same for a motion to strike a claim for damages). *Finally*, a Rule 12(f) motion is not

---

[1] By granting leave "*[i]f* plaintiff can amend . . . in the manner instructed," the Court directed plaintiff to make factual allegations in relation to a defendant, and not just in relation to the non-party delivery truck company. (Dkt. No. 26 at 5.) Unlike the cases cited by Wells Fargo, the Court here was not limiting the scope of plaintiff's amendments. *See Serpa v. SBC Telecomms., Inc.*, 2004 WL 2002444, at *3 (N.D. Cal. Sept. 7, 2004) (disallowing amendment because the court granted leave "solely for the purpose" of asserting specific claims); *Inland Cities Express, Inc. v. Diamond Nat'l Corp.*, 524 F.2d 753, 755 (9th Cir. 1975) (holding the same where the court had only granted leave to amend in accordance with a proposed amendment).

[2] Plaintiff was not required, separately from the leave to amend his complaint, to seek leave to add a new party to the litigation. Wells Fargo misrepresents this as a requirement by citing a case in which the court had previously *prohibited* the plaintiff from adding parties in their amended complaint. *See Steshenko v. Gayrard*, 70 F.Supp.3d 979, 985 n. 1 (N.D. Cal. Sept. 29, 2014) (disallowing addition of new defendants where, "[i]n the Court's previous order" to grant a motion to dismiss with leave to amend, "Plaintiff was cautioned [he] may not add new parties . . . .").

United States District Court
Northern District of California

United States District Court
Northern District of California

the proper vehicle to "attempt to dismiss certain claims," as a Rule 12(b)(6) motion "already serves such a purpose." *Rosen v. Masterpiece Mktg. Grp., LLC*, 222 F. Supp. 3d 793, 797 (C.D. Cal. 2016)*; Whittlestone,* 618 F.3d at 974.

Therefore, Wells Fargo's motion to strike is **DENIED**.

### C. MOTIONS TO DISMISS

As previously noted by the Court, plaintiff must "plausibly plead how [a defendant] is responsible for the conduct of the . . . trucking company in his complaint to hold [a defendant] liable." (Dkt. No. 26 at 3.) Plaintiff's FAC fails to link any facts related to Starbucks or Wells Fargo with the claims brought against them. For this reason, all of plaintiff's claims are **DISMISSED WITH PREJUDICE**. The Court expands below.

#### 1.    Counts I-IV: Private Nuisance, Trespass, Negligence, Premises Liability

The Court dismissed plaintiff's initial claims for private nuisance, trespass, and negligence because plaintiff did not "adequately plead Starbucks' connection to the alleged conduct." (Dkt. No. 26 at 3.) The FAC rehashes these claims and adds an argument on nondelegable duty based on the "premises liability doctrine."[3] (*Id.* at 23, 30, 42.) Plaintiff has not alleged any act of Starbucks or Wells Fargo that caused or contributed to plaintiff's alleged injuries, which is fatal to each claim.[4] The counts for private nuisance, trespass, negligence, and premises liability are dismissed.

#### 2.    Count V: Fraud / Concealment

Plaintiff also alleges that, as a "joint venture," Starbucks and Wells Fargo "intentionally misrepresented or concealed the fact that they were making . . . daily dangerous loud deliveries at night." (*Id.* at 23-25, 37-38.)

To state a claim for fraud, plaintiff must plead (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity, or scienter; (3) intent to defraud; (4)

---

[3] The premises liability argument has been grouped here because, under California law, the elements of a negligence and premises liability claim are the same. *Lemberg v. JPMorgan Chase Bank, N.A.*, 2018 WL 1046886, at *2 (N.D. Cal. Feb. 26, 2018).

[4] While plaintiff attempts to rectify the trespass claim by alleging that "airborne particulate matter" from the delivery trucks' brakes were deposited throughout plaintiff's residence, these allegations still concern the actions of the trucks, not Starbucks or Wells Fargo. (FAC at 8.)

justifiable reliance; and (5) resulting damage. *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 938 (1997). Claims for fraud must be stated "with particularity." Fed. R. Civ. P. 9(b); *see Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000) (fraud claims must be pleaded "with a high degree of meticulousness" to meet the Rule 9(b) standard). Here, plaintiff has failed to identify any acts by Starbucks or Wells Fargo that satisfy those elements, let alone meet the heightened pleading requirements of Rule 9(b). This count is dismissed.

### 3.    Count VI: Vicarious Liability

Under the doctrine of *respondeat superior*, an employer is vicariously liable for an employee's torts committed within the scope of employment. *PetConnect Rescue, Inc. v. Salinas*, 656 F.Supp.3d 1131, 1174 (S.D. Cal. 2023) (citing *John Y. v. Chaparral Treatment Ctr., Inc.*, 101 Cal.App.4th 565, 574 (2002)). In discussing vicarious liability (FAC at 12), nondelegable duty (*id.* at 42), and scope of employment (*id.* at 38-40), plaintiff appears to allege that defendants, as employers of the delivery truckers, are vicariously liable for plaintiff's injuries.

Here, plaintiff has failed to allege any facts that indicate either defendant employed the delivery truck drivers. Even if plaintiff properly pleaded that each defendant employed the delivery trucks, the claim does not survive because the underlying theories of liability (Counts I-V) are dismissed. The count for vicarious liability is also dismissed.

### 4.    Counts VII-XI: Class Action Claims

To the extent that plaintiff seeks class action status in his amended complaint, such a request will be denied.[5] "[A] litigant appearing in propria persona has no authority to represent anyone other than himself." *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962). Any allegations pertaining to a class action are dismissed because pro se plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of a class. *See* Fed. R. Civ. Pro. 23(4).

---

[5] Plaintiff seeks to add a total of five class action claims: negligence, trespass, private nuisance, public nuisance, and strict liability for especially dangerous activities. (FAC at 41-46.)

### 5.   Punitive Damages

Plaintiff's claims for punitive damages are nothing more than conclusory allegations of "willful and reckless disregard of Plaintiff's rights and well-being." (FAC at 47.) Further, the request does not flow from a valid claim. The Court finds that plaintiff's claims for punitive damages are unsupported by allegation of any facts. The claims for punitive damages are dismissed.

## IV.   CONCLUSION

For the foregoing reasons, plaintiff's motion to disqualify is **DENIED**; defendant Wells Fargo's motion to strike is **DENIED**; defendant Starbucks' motion to dismiss is **GRANTED**; and defendant Wells Fargo's motion to dismiss is **GRANTED**.

As leave to amend was previously granted, the Court any further amendment would be futile.  Thus, all claims (Counts I-XI) are dismissed with prejudice, which means plaintiff may not file an amended complaint. To the extent plaintiff disagrees with this ruling, the option to appeal remains.

This Order terminates Docket Nos. 28, 33, 35, and 36.

The Clerk of the Court shall close the action.

**IT IS SO ORDERED.**

Date:  March 31, 2026

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

7